NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RALPH LAUREN CORPORATION,**
*Appellant*

**v.**

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1862, 2020-1864

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01749, IPR2018-01755.

---

Decided:  July 7, 2021

---

JAMES F. VALENTINE, Perkins Coie LLP, Palo Alto, CA, for appellant.  Also represented by VICTORIA Q. SMITH; DAN L. BAGATELL, Hanover, NH.

DANIEL KAZHDAN, Office of the Solicitor, United States

Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, MAUREEN DONOVAN QUELER, FARHEENA YASMEEN RASHEED.

———————————

Before MOORE, *Chief Judge*, REYNA and HUGHES, *Circuit Judges*.

MOORE, *Chief Judge*.

Ralph Lauren appeals two *inter partes* review final written decisions from the Patent Trial and Appeal Board holding Ralph Lauren failed to prove claims 70 and 72 of U.S. Patent No. 5,995,102 and claims 1–3, 5–7, 12–15, 28, 29, 31, 32, 38, 39, 53–56, 58–63, 73–75, and 77–80 of U.S. Patent No. 6,118,449 would have been obvious. In both decisions, the Board determined that Ralph Lauren's petitions had not adequately identified where and how the prior art teaches certain limitations. *See* J.A. 24–25, 61. The Board also declined to consider arguments that Ralph Lauren made for the first time in its reply briefs. *See* J.A. 33, 78–79. Ralph Lauren challenges these determinations, arguing the Board misinterpreted or failed to consider portions of the petitions.

We review the Board's compliance with legal standards de novo and its factual findings for substantial evidence. *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015). We review the Board's determination that a petitioner exceeded the scope of a proper reply for abuse of discretion. *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016).

We see no error in the Board's reasoning, nor do we conclude the Board abused its discretion. Ralph Lauren's challenges have no merit. The Board stepped through the evidence presented in the petitions and, based on the gaps it identified in the petitions' arguments and evidence, determined Ralph Lauren had not met its burden of demonstrating unpatentability. *See* J.A. 33, 78–79. The Board

also did not abuse its discretion by declining to consider arguments Ralph Lauren made in its reply that it failed to make in its petitions. S*ee* J.A. 24–25, 61. Accordingly, we affirm.

## AFFIRMED